UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:                                    *   CASE NO.  01-03030-E
      BENJAMIN PORTO MORAZA               *
      MARTA CASTRO FIGUEROA               *   CHAPTER 13
DEBTOR(S)                                 *   FILED & ENTERED
----------------------------------------- *

ORDER CONFIRMING PLAN                        AUG 9  2001

                                             U.S. BANKRUPTCY COURT
                                             SAN JUAN, PUERTO RICO

    The debtor's Chapter 13 plan was duly served on all. A hearing
on confirmation of the plan was held after due notice to all parties in
interest. Objections, if any, have been resolved. The Court hereby finds
that each of the requirements for confirmation of a Chapter 13 plan
pursuant to 11 U.S.C. 1325(a) are met.

    1. The debtor, or his employer, shall make the payments to the trustee
required by the plan as confirmed or as hereafter modified. If the debtor
does not cause such payments to be timely made, the trustee may request
the Court for an order directing the debtor's employer to make the
appropiate payroll deductions and payments to the trustee or to pay the
debtor's entire earnings and wages to the trustee [11 U.S.C. 1325(c)].
Such an order may be issued without further notice.

    2. The debtor shall obtain the approval of the trustee prior to
incurring additional debt. The failure to obtain such approval may cause
the claim for such debt to be disallowed pursuant 11 U.S.C. 1305(C) and
the debt to be nondischargeable [11 U.S.C. 1328(d)].

    3. If the debtor's plan is confirmed prior to the last day to file
claims, or to object to the debtor's claim of exemptions, a modification of
the confirmed plan pursuant to 11 U.S.C. 1329 may be required after these
dates have past.

    Therefore, IT IS HEREBY ORDERED that the debtor's Chapter 13 plan dated
April 24, 2001 is confirmed. (#5)

ALLOWANCE OF DEBTOR ATTORNEY'S FEES
    The application for the allowance of reasonable compensation as autho-
rized by 11 U.S.C. 330, having been considered, the court finds that a
reasonable fee for the services performed and undertaken by such attorney
is $ 1,500.00  of which $   315.00  was paid prior to the filing of the
petition. The balance of such fee ($ 1,185.00 ) shall be paid by the
trustee from the monies received under the debtor's plan, provided, however
that such payments be deferred in time to payments which may be required
to provide adequate protection of the interest of the holders of secured
claims.

ATTORNEY: *JORGE L ACEVEDO COLON*
PO BOX 4617
CAROLINA PR
009844617

DEBTOR: URB SAGRADO CORAZON
1628 SANTA EDUVIGES
SAN JUAN PR009260000                      DATE: 08/08/01
TRUSTEE: Ramon F. Lopez
PO Box 70370, San Juan PR 00936-8370              ENRIQUE LAMOUTTE
                                                  U.S. BANKRUPTCY JUDGE